FILED

2010 May-27  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **STANLEY HARDIN,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-09-S-1370-M** |
| | ) | |
| **MICHAEL  J.  ASTRUE,** | ) | |
| **Commissioner,  Social  Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Stanley Hardin, commenced this action on July 8, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly considered his subjective complaints of pain and erred by failing to order a consultative examination.  Upon review of the record, the court concludes that these contentions are without merit.

To demonstrate that pain renders him disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied these legal principles. He found that,

> although the evidence establishes an underlying medical condition
> capable of producing some pain and other limitations, the substantial

2

evidence does not confirm disabling pain or other limitations arising from the claimant's impairments, and the claimant's alleged inability to perform all substantial gainful activities is simply not corroborated by substantial evidence on the record considered as a whole.[1]

The ALJ also found that claimant's medically determinable impairment (lumbar disc disease) could reasonably be expected to produce the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible.[2]  Specifically, the ALJ noted that claimant had only received "intermittent and conservative" treatment for his condition, that clinical findings did not support disabling limitations, and that claimant did not always follow through with suggested treatment options.  The ALJ's decision was in accordance with applicable law, *see Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied), and it was supported by substantial evidence of record.

Furthermore, it was not necessary for the ALJ to obtain a consultative examination in order for the record to be complete.  It is true that the ALJ

has an obligation to develop a full and fair record, even if the claimant is represented by counsel.  *Cowart v. Schweiker,* 662 F.2d 731, 735

---

[1]Tr. at 20.

[2]Tr. at 19.

(11th Cir. 1981).   The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision*.  *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen*, 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied).

Furthermore, claimant bears the ultimate burden of producing evidence to support his disability claim.  *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)).  The court concludes that the record in this case was sufficient to give substantial support to the ALJ's decision, and the ALJ was not required to order an additional evaluation.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.   Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 27th day of May, 2010.

United States District Judge